NOT FOR PUBLICATION                                              CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| S.L. on behalf of A.L. and S.L., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> EAST ORANGE BOARD OF : <br> EDUCATION and GLENVIEW : <br> ACADEMY a/k/a/ NEW BEGINNINGS, : <br> : <br> Defendants. : | CIVIL ACTION NO. 05-5498 (JAP) <br><br> **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Madeline Cox Arleo filed on October 5, 2006. The Court had referred to Judge Arleo, for Report and Recommendation ("R&R"), a calculation on the amount of attorneys' fees owed to Plaintiffs incurred in connection with Plaintiffs' efforts in enforcing the rights of Plaintiff, A.L.

In the R&R, the Magistrate Judge recommended that Plaintiffs' application for attorneys' fees, including costs, be granted in the amount of $64,546.51. In arriving at this amount, Judge Arleo reduced Plaintiffs' requested attorneys fees by one-third based on the dismissal of Plaintiffs' claims against Defendant Glenview Academy ("Glenview") by this Court on March 6, 2006.

Plaintiffs filed an objection to the R&R on October 13, 2006. Plaintiffs objected to the one-third reduction in Plaintiffs' request for attorney's fees, and requested that the Court reduce

the award for attorneys fees by the actual time spent on the claims against Glenview, rather than the one-third reduction.

Because a fee award determination is non-dispositive, the Court has reviewed the R&R under the "clearly erroneous or contrary to law" standard set forth in the Magistrate Act, 28 U.S.C. § 636(b)(1)(A). The Court has determined that the Magistrate Judge's decision to reduce the fee award by one-third based on the Court's dismissal of claims against Glenview is neither clearly erroneous nor contrary to law. As the Magistrate Judge recognized, Plaintiffs' claims against Glenview and the East Orange Board of Education (the "Board") were based on a common core of facts and related legal theories and it would not be feasible to conduct a claim-by-claim calculation of services for which Plaintiffs were successful against the Board and those for which Plaintiffs were not successful against Glenview. In accordance with <u>Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 789-90 (1989), the Magistrate Judge exercised her discretion in arriving at a reasonable fee award and reduced the award to account for the limited success of the Plaintiffs.

Further, while Plaintiffs now attempt to segregate the hours that they claim were dedicated solely to Glenview, they did not originally present this information to the Magistrate Judge and the Court need not consider this information here. Accordingly, **IT IS**

**ON THIS** 18th day of December, 2006,

**ORDERED** that the Report and Recommendation of Magistrate Judge Arleo filed on October 5, 2006, recommending that Plaintiffs be awarded attorneys' fees in the amount of $62,572.34 and costs in the amount of $1,974.17 is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court.

_____Accordingly, this case is **CLOSED**.

/s/ JOEL A. PISANO<br>United States District Judge

| | |
|---|---|
| Original: | Clerk |
| cc: | Judge Arleo |
| | All Parties |
| | File |